## DERIXSON v. THE STATE.

CRIMINAL LAW.—*Trespass upon Lands.—Cutting Trees.—License.— Landlord and Tenant.—*A tenant in possession, merely as such, has no implied license to cut down trees growing upon his leasehold ; and his "good intention and honest belief" in cutting the trees afford him no defence.

From the Vigo Circuit Court.

—— *Eggleston* and —— *Reed*, for appellant.

*T. W. Woollen,* Attorney General, *A. J. Kelly,* Prosecuting Attorney, and *S. C. Davis,* for the State.

HOWK, J.—The indictment in this case charged that the appellant, Job Derixson, late of Vigo county, on the 8th day of October, 1878, at said county, "did then and there unlawfully cut down, on land belonging to one John J. Brake, in said county, two green ash trees, and eight green oak trees, of the value of forty dollars, and of the property of said John J. Brake, without having a license so to do from

said John J. Brake, or any other competent authority; contrary to the form of the statute," etc.

The appellant's motion to quash the indictment was overruled by the court, and to this ruling he excepted. Upon arraignment, his plea to the indictment was, that he was not guilty as therein charged. The cause, by consent, was tried by the court without a jury, and a finding was made that he was guilty as charged, and assessing his punishment at a fine in the sum of sixty-five dollars. The appellant's motion for a new trial was overruled by the court, and his exception was entered to this decision, and judgment was then rendered upon and in accordance with the finding of the court.

The appellant has assigned in this court the following decisions of the circuit court, as errors:

1. In overruling his motion to quash the indictment; and,

2. In overruling his motion for a new trial.

The first of these alleged errors is not even alluded to by the appellant's counsel in their argument of this cause, in this court.    This alleged error, even if it existed, might properly be regarded as waived. We see no objection to the indictment, and none has been pointed out to us, and therefore we conclude that the motion to quash was correctly overruled.

In his motion for a new trial the appellant assigned, as causes therefor, that the finding of the court was contrary to the law and to the evidence, and that it was not sustained by the evidence.

The misdemeanor for which the appellant was indicted in this case is defined, and the punishment therefor prescribed, in section 14 of the misdemeanor act of June 14th, 1852, as amended by an act approved March 4th, 1861, Acts 1861, Reg. Sess., p. 145. We set out so much of the amended section 14 as is applicable to the case at bar, as follows:

"Sec. 14. Every person who shall injure any tree or sapling on the land of any other person, * * * without a license so to do from competent authority, or who without such license shall cut down or remove from any such lands * * * any tree, stone, timber, or other valuable article, shall be deemed guilty of a trespass, and upon conviction shall be fined in five times the value of such property, to which may be added imprisonment not exceeding twelve months in the county jail, in the discretion of the court or jury trying the same;" etc. 2 R. S. 1876, p. 463.

It is claimed by the appellant's counsel, as we understand their argument, that the evidence adduced upon the trial was not sufficient in law to sustain the finding of the court. The evidence is properly in the record. It shows very clearly, that the appellant cut down the trees charged in the indictment, on the land of John J. Brake, in Vigo county, and that he cut down said trees without license from Brake, or from any competent authority, unless such license might be implied from the fact that he was the tenant of Brake, in possession of said land, at the time he cut the trees. We think it is certain that no such implication could arise merely from the fact of such existing tenancy. A tenant, as such, has no right, without express authority or license, to cut trees upon the land of his landlord except, perhaps, for necessary fire-wood, and such authority or license can not be implied from the mere possession, or right of possession, of the land by the tenant.

The lease under which the appellant held possession of the land on which he cut the trees in question was in writing and was in evidence. We need not set out this lease, in this opinion, but we may properly say that it gave the appellant no authority or license to cut down any trees on the demised premises. From the terms of the lease, it seems to us, that, although it covered the entire body of land described therein, yet the rights of the appellant, as

tenant, were limited, impliedly at least, to that portion of the land which was tillable and under cultivation.

It is insisted by the appellant's counsel, with much zeal and earnestness, that the crime of trespass, created and defined in and by section 14, above quoted, of the misdemeanor act, "is a crime against possession." Upon this proposition the argument of counsel is, that, as the appellant was in possession, and had the right of possession, of the land upon which he cut down the trees, he could not be guilty of the crime of trespass,.as defined in said section 14, in cutting down said trees. The argument of counsel is unsound, because, as it seems to us, section 14 of the misdemeanor act is not open to any such construction as counsel seek to give it. Indeed, we think that the legislative intent and purpose, in the enactment of section 14 as amended, were to protect the rights of the owner of the land in fee from unlawful invasion, and therefore it was made a crime punishable by a heavy fine, to which imprisonment in the county jail might be added, for any person to cut any tree on the land of any other person without a license so to do from competent authority. The acts of the appellant in cutting down the trees on Brake's land, without license so to do from competent authority, were unlawful acts within the purview of section 14, above quoted, of the misdemeanor act; and the " good intention and honest belief" of the appellant afford him no defence in this case, without the necessary license.

We are clearly of the opinion that the evidence in the record was sufficient in law to sustain the finding of the court, and, therefore, that the appellant's motion for a new trial was correctly overruled.

The judgment is affirmed, at the appellant's costs.